IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| RICKEY DONNELL LANGLEY | § | |
| v. | § | CIVIL ACTION NO. 9:06cv220 |
| LOUD BYERLY, ET AL. | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ENTERING FINAL JUDGMENT</u>

The Plaintiff Rickey Donnell Langley, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Langley complained that he was injured while working in the furniture factory at the Gib Lewis Unit. He said that he was working with a chop saw cutting molding for some tables when the blade grabbed the wood and pulled it, as well as Langley's fingers, into the saw, cutting his fingers and severing the tip of his index finger.

Langley explained that he had been trained on a Mikita miter saw, but it began having problems and was replaced with a portable cable saw. This saw had a different type of blade on it. Langley complained, and some changes were made to the blade, but a 12-inch blade was left on the cable saw; Langley said that the Mikita had had a ten-inch blade.

Immediately after he began using the cable saw, Langley began complaining that it was jerking and ripping up the wood. About six months after he was injured, he says, the blade was changed; prior to the change, there were numerous complaints about the performance and unsafe conditions of the blade which had injured him.

Langley also asserted, in his second amended complaint, about an incident involving the law library officers. He said that he filed grievances concerning problems which he was having getting a trust account statement, and Officer Cunningham cursed at him and made threatening gestures.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed. The Magistrate Judge concluded that Langley's claim about the saw was a claim of negligence, rather than deliberate indifference to his safety, as is required to show a constitutional violation. In Bowie v. Procunier, 808 F.2d 1142 (5th Cir. 1987), the Magistrate Judge observed that the inmate plaintiff had lost an eye as a result of prison officials' failure to provide proper safety equipment, but the Fifth Circuit determined that this did not set out a constitutional violation because the claim was one of negligence. This case is a similar one, the Magistrate Judge said; Langley complained that the saw blade was the wrong size, but the prison officials took no action. Langley offered no facts from which the conclusion could be drawn that the prison officials were deliberately indifferent to his safety, which the Magistrate Judge said is "an extremely high standard to meet" (citing Domino v. TDCJ-ID, 239 F.3d 752,m 756 (5th Cir. 2001)). The Magistrate Judge acknowledged that Langley had suffered severe injuries, but stated that this fact alone did not cause the actions of the prison officials to rise to the level of deliberate indifference.

With regard to Langley's other claim, the Magistrate Judge said that it was not clear that Langley had exhausted his administrative remedies on the claim, noting that he had not alleged exhaustion in the pleadings and that the incident occurred just three weeks before the second amended complaint was postmarked. In addition, the Magistrate Judge stated that "mere threatening language and gestures" of correctional officers did not set out a constitutional claim, citing Bender v. Brumley, 1 F.3d 271, 274 (5th Cir. 1993). Consequently, the Magistrate Judge recommended that the lawsuit be dismissed.

Langley filed objections to the Magistrate Judge's Report on December 13, 2006. In his objections, Langley says that he could not refuse to work on the saw without receiving disciplinary action. He states that he was "qualified and credible" to complain about the blade, and that if his

2

word was not sufficient justification to change the blade, he should never have been certified as a saw operator. Langley complains that there was sufficient time in which to investigate the blade, but nothing was done. He says that he is illustrating an overt act of deliberate indifference because of the type of equipment used and how dangerous it can be. Langley argues that because the saw is such a dangerous piece of equipment, the failure to correct the problem necessarily rises to the level of deliberate indifference.

This contention is without merit. In Bowie, the claim involved the chopping of wood, using an axe, which is no less dangerous than the use of a saw, but the Fifth Circuit nonetheless held that the failure to provide safety equipment amounted to negligence rather than deliberate indifference. The fact that the Defendants did not heed the warnings which Langley gave them does not automatically become deliberate indifference simply because the item being used is a dangerous one, although this fact does have some relevance in the inquiry as to the Defendants' state of mind. In order to show deliberate indifference, as the Supreme Court has explained, the Defendants must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and must also draw the inference. Farmer v. Brennan, 114 S.Ct. 1970, 1979 (1994); Domino, 239 F.3d at 755.

In Moore v. Campbell, 48 Fed.Appx. 103 (5th Cir., August 14, 2002) (not selected for publication in the Federal Reporter), the Plaintiff Billy Moore alleged that his prison supervisor, Timothy Campbell, required him to continue working with a clothing press that Campbell knew was faulty, resulting in injuries to Moore when the press closed on his hand. Moore also said that the laundry captain, Lincoln Clark, knew that the press was faulty but failed to repair or retire it. The Fifth Circuit held, citing Farmer and Bowie, that Moore's allegations arguably demonstrated negligence, but were insufficient to show that the officers acted with deliberate indifference to his safety. Langley's allegations are remarkably similar to Moore's. He has simply failed to show that the Defendants were deliberately indifferent to his safety, and so his objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings and documents in this case, including the plaintiff's original and amended complaints, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED as frivolous with prejudice as to its refiling in federal court, but without prejudice as to any relief which Langley may seek in the courts of the State of Texas under state tort law. It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED** this the **20** day of **December, 2006.**

_____
Thad Heartfield
United States District Judge